UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:17-cv-00964-GAP-TBS

PATRICIA KENNEDY, individually,

   Plaintiff,

v.

TYLOYLEONSON INC., a Florida profit corporation.

   Defendant.
_____/

## JOINT STIPULATION TO APPROVE CONSENT DECREE AND FOR DISMISSAL WITH PREJUDICE

Plaintiff, PATRICIA KENNEDY ("Plaintiff") and Defendant, TYLOYLEONSON INC. ("Defendant") (Plaintiff and Defendant are hereinafter collectively referred to as the "Parties") hereby file this Joint Stipulation seeking the Court's Approval of the parties' Consent Decree and to Dismiss this action with Prejudice:

1. Plaintiff filed the instant cause of action alleging that the subject property operated and/or owned by Defendant violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

2. The matters raised by Plaintiff's Complaint have been resolved in accordance with the Consent Decree attached hereto as Exhibit "1"

3. In accordance therewith, the Parties request that the Court review, approve and ratify the Consent Decree. Additionally, the Parties request the Court retain jurisdiction to enforce the terms of the Consent Decree. *See Association for Disabled Americans v. Key Largo*

1

*Bay Beach, LLC,* 407 F. Supp 2d 1321 (S.D. Fla. 2005). This Stipulation is conditioned upon the Court's retaining jurisdiction to enforce said Consent Decree.

4. As part of the settlement reached between the Parties in the Consent Decree, Plaintiff has agreed to dismiss this case with prejudice. Accordingly, the Parties request, upon the Court's review, approval and ratification of the Consent Decree, that this action be dismissed with prejudice.

5. Except as otherwise stated in the Consent Decree, each party is to bear their own fees and costs.

WHEREFORE, the Parties respectfully request that this Honorable Court enter an Order approving the attached Consent Decree, dismissing the claims asserted by Plaintiff against Defendant with prejudice, and retaining jurisdiction to enforce the Consent Decree.

Dated: January 11, 2018

Respectfully submitted,

/s/Andrew Enfield
Andrew C. Enfield, Esq. (FBN: 91045)
Thomas B. Bacon, Esq. (FBN: 139262)
THOMAS B. BACON, P.A.
19235 Biscayne Blvd, Suite 110
Miami, FL 33180
Phone: 561-866-2912
Email: enfield@thomasbaconlaw.com
tbb@thomasbaconlaw.com
Attorney for Plaintiff

/s/ Justin Carlin
Justin Carlin, Esq.
Fla. Bar #68429
THE CARLIN LAW FIRM, PLLC
Attorney for Defendant
Victoria Park Centre
1401 E. Broward Blvd., Ste. 101
Fort Lauderdale, FL 33301
ph. (954) 440-0901
jcarlin@carlinfirm.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY, a true and correct copy of the foregoing has been filed electronically with the Clerk of Court using CM/ECF on this 11th day of January, 2018

/s/ANDREW C. ENFIELD
Andrew C. Enfield, Esq. (FBN: 91045)
Thomas B. Bacon, Esq. (FBN: 139262)
THOMAS B. BACON, P.A.
19235 Biscayne Blvd, Suite 110
Miami, FL 33180
Phone: 561-866-2912
Email: enfield@thomasbaconlaw.com
tbb@thomasbaconlaw.com
Attorneys for Plaintiff

Exhibit "1"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

PATRICIA KENNEDY, individually,

      Plaintiff,

v.

TYLOYLEONSON INC., a Florida profit corporation,

      Defendants.
_____/

Case No.: 6:17-cv-00964-GAP-TBS

**CONSENT DECREE**

This CONSENT DECREE is entered into by and between PATRICIA KENNEDY, individually, hereinafter sometimes referred to as "Plaintiff" and TYLOYLEONSON INC, a Florida profit corporation, hereinafter sometimes referred to as "Defendant" on the date last executed below.

IT IS HEREBY stipulated and agreed by and among the Parties as follows:

WHEREAS: The Defendant's property is known as Captain J's, 211 E. Cocoa Beach Causeway, Cocoa Beach, FL 32931, (hereinafter the "Subject Property"). Plaintiff claims that there are architectural barriers existing at the Subject Property that constitute violations of the Americans With Disabilities Act (hereinafter sometimes referred to as the "ADA") that unlawfully limited the Plaintiff's use of the property. Defendant does not admit the allegations of the Plaintiff's Complaint. However, in order to avoid further expense, time, effort and uncertainty with regard to this action, the parties have agreed to resolve any and all claims and disputes between them regarding the Subject Property. The Parties agree to the following terms and conditions subject to the Court's entry of an Order Approving and Entering this CONSENT DECREE.

1. All alterations, modifications, and policies required by this CONSENT DECREE shall be completed as required below within twelve (12) months from the date this CONSENT DECREE is fully executed unless unforeseen circumstances arise to delay the completion of the work. A final property reinspection conducted by Plaintiff and at Plaintiff's sole expense may take place at a time agreed upon by the parties and in the presence of both parties after the date the Defendant is required to complete the remediations to ensure that the modifications to the Subject Property required below for barrier removal have been completed. Plaintiff's counsel, expert(s) and/or representatives shall be provided access to the

1

      building to conduct a reinspection and to verify ADA compliance. In the event of non-compliance with the terms and conditions of this agreement, Plaintiff shall be entitled to seek injunctive relief from the Court.

2. Neither this agreement nor any of the terms or provisions hereof shall be construed as an acknowledgment or admission of wrongdoing or liability on the part of any party.

3. Defendant, TYLOYLEONSON INC, shall pay Plaintiff's counsel, Thomas B. Bacon, P.A., Plaintiff's attorneys' fees, litigation expenses, expert fees, and costs incurred in this matter in the total amount of $3,000.00 (the "Settlement Payment"). Payment shall be made to "Thomas B. Bacon, P.A." Defendant shall bear its own attorneys' fees, costs, and litigation expenses. The Settlement Payment will be paid as follows.
   a. Five checks made payable to Thomas B. Bacon, P.A. for Plaintiff's attorneys' fees, litigation expenses and expert fees, and costs incurred in this matter.
      i. The first check of $1,000.00 will be due to Plaintiff's counsel by January 31, 2018.
      ii. The second check of $500.00 will be due to Plaintiff's counsel by March 1, 2018.
      iii. The third check of $500.00 will be due to Plaintiff's counsel by April 1, 2018.
      iv. The fourth check of $500.00 will be due to Plaintiff's counsel by May 1, 2018.
      v. The fifth check of $500.00 will be due to Plaintiff's counsel by June 1, 2018.

4. In any action to enforce this CONSENT DECREE, the prevailing party shall be entitled to reasonable attorneys' fees, costs and expert fees in accordance with the standards set forth in 42 U.S.C. Section 12205.

5. This CONSENT DECREE shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns. The parties shall perform their obligations under this CONSENT DECREE in good faith.

6. The parties agree that any delays in making the modifications to the Subject Property as provided for pursuant to this CONSENT DECREE caused by third parties, including but not limited to construction contractors, or city building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates herein as long as the Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

7. Upon Defendants full compliance with the terms and conditions of this CONSENT DECREE, Plaintiff hereby releases and discharges Defendant, its officers, employees, agents, successors and assigns from any and all claims and causes of action which it has had arising under the Americans With Disabilities Act. This provision is limited to the Subject Property.

8. The parties acknowledge that the modifications described in this CONSENT DECREE shall be implemented according to the standards set out in the 2010 ADA Standards. All references to figures in the paragraphs below refer to those that accompany the 2010 ADA Standards.

9. This CONSENT DECREE can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A copy or facsimile of any parties signature shall be deemed as legally binding as the original signatures.

10. The Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

11. The Parties agree that no other changes are required to the Subject Property other than those listed.

12. The Defendant shall bring the following conditions into full compliance with the 2010 ADA Standards within twelve (12) months from the date this CONSENT DECREE is fully executed and shall maintain the below conditions unless unforeseen circumstances arise to delay the completion of the work:

   i. Provide accessible signs for the parking spaces which indicate the penalty and fine for illegal use of the spaces.

   ii. Secure the existing floor mats and carpeting inside the facility, including the restroom.

   iii. In the restroom, replace the sink cabinetry to provide the required amount of knee clearance for sink accessibility.

   iv. The Parties agree that it is not technically feasible to expand one of the existing restroom stalls or to create a new ADA compliant restroom stall.

   v. In the restroom, install a side and rear grab bar around the toilet which complies with the ADA.

    vi.    In the restroom, lower the height of the hand dryer to a maximum 48 inches above floor to highest operable part of dispenser. *Parties have agreed that this modification is technically unfeasible.*

    vii.    In the restroom, lower the height of the coat hook to a maximum 48 inches above floor.

    xiii.    Remove or relocate trash receptacle in the restroom so that floor maneuvering space is not restricted near the doorway.

    ix.    Replace the door hardware to exit the restaurant with lever or loose grip pull handle.

13.    This CONSENT DECREE constitutes the entire agreement among the parties on the matters raised herein. No other statement, promise or agreement, either written or oral, made by either party or agents of either party not contained in this written CONSENT DECREE shall be enforceable.

**SIGNATURES:**

Parties:

**PLAINTIFF:**

By: _[signature]_                         Date: 11-23-2017
PATRICIA KENNEDY

**DEFENDANT:**

By: _____     Date: _____
For TYLOYLEONSON INC.
Name:
Title:

4

vi.  In the restroom, lower the height of the hand dryer to a maximum 48 inches above floor to highest operable part of dispenser. Parties have agreed that this modification is technically unfeasible.

vii.  In the restroom, lower the height of the coat hook to a maximum 48 inches above floor.

xiii.  Remove or relocate trash receptacle in the restroom so that floor maneuvering space is not restricted near the doorway.

ix.  Replace the door hardware to exit the restaurant with lever or loose grip pull handle.

13.  This CONSENT DECREE constitutes the entire agreement among the parties on the matters raised herein. No other statement, promise or agreement, either written or oral, made by either party or agents of either party not contained in this written CONSENT DECREE shall be enforceable.

**SIGNATURES:**

Parties:

**PLAINTIFF:**

By _____        Date: _____
PATRICIA KENNEDY

**DEFENDANT:**

By: _____        Date: Nov 24, 2017
For TYLOYLEONSON INC.
Name: KITTY CULVER
Title: Represenative/Manger

4